IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTINE CLAYTON,

       Plaintiff,

vs.                                                                                No. CIV 09-0188 JB/ACT

VANGUARD CAR RENTAL U.S.A., INC.,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on the Plaintiff's Motion to Compel, filed August 26, 2009 (Doc. 35). The Court held a hearing on November 18, 2009. The primary issues are: (i) whether the Court should compel Defendant Vanguard Car Rental U.S.A., Inc. ("Vanguard") to respond fully and completely to Plaintiff Christine Clayton's interrogatories and requests for production of documents related to complaints of discrimination, lawsuits, and settlements filed within a five-year period in the region in which Plaintiff Christine Clayton was employed -- the southwest region; and (ii) whether the Court should compel Vanguard to respond to Interrogatory No. 13's and Requests for Production Nos. 13's and 14's expanded scope to include any region that southwest regional vice president Mike Filomena supervised in the five years before Clayton's termination by Filomena. Because the Court finds that the requests that Clayton has made seek relevant information or information that reasonably may lead to admissible evidence, are not overly broad or unduly burdensome, and request information that routinely must be produced in employment-discrimination cases, the Court will grant the motion to compel.

**FACTUAL BACKGROUND**

       Vanguard employed Clayton as general manager of its Albuquerque operation, which is

located in the south-central region (previously known as the southwest region), from 1993 until 2008. Clayton states that she spoke out against pay disparity between male and female general managers in similar sized markets, and against company-wide plans to reduce the number of female and older general managers within Vanguard. See Complaint for Civil Rights Violations ¶¶ 10, 11, 13, 17, and Counts I-VII, at 5-11, filed January 28, 2009 (Doc. 1-2). Clayton contends that her termination was based on discrimination and retaliation.

## PROCEDURAL BACKGROUND

Clayton brings claims against Vanguard for violations of state and federal discrimination laws, and of the Equal Pay Act. On April 7, 2009, Clayton served her First Interrogatories and Requests for Production, which responses were due from Vanguard on or before May 10, 2009. After an extension of time to respond and several conversations between the parties' counsels, disputes remain regarding Vanguard's responses to Interrogatory Nos. 4 through 7, 11, and 13, and Requests for Production Nos. 13 and 14. Clayton seeks an Order from the Court compelling Vanguard to answer these Interrogatories and Requests for Production fully and completely.

Interrogatory Nos. 4 and 7 request information about general managers and female general managers, including pay and termination issues. Interrogatory Nos. 5, 6, and 11 request information regarding similar charges of discrimination based on sex, age, and retaliation as those filed by Clayton. Clayton has previously agreed to limit the scope of Interrogatory Nos. 5, 6, and 11 to five years and to the same region in which Clayton was employed, the region formerly known as the southwest region. Based on Vanguard's alleged non-discriminatory reason for terminating her, Clayton submitted Interrogatory No. 13. This interrogatory requests information about any general managers who were terminated for "failing to meet goals and requirements of communications and interpersonal skills in the last 5 years . . . ." Requests for Production Nos. 13 and 14 correspond to

Interrogatory Nos. 5 and 6, requesting documents regarding prior similar charges, lawsuits, and agreements involving other discrimination/retaliation claims.

In its response, Vanguard states that it has had further discussions with Clayton's counsel and, since the motion, has produced supplemental responses to Request for Production No. 5, and to Interrogatory Nos. 4 and 7.  See Defendant's Response in Opposition to Plaintiff's Motion to Compel at 2, filed September 14, 2009 (Doc. 44)("Def. Response").  Vanguard contends that, in light of its efforts to comply with its discovery obligations, Clayton's motion to compel is unwarranted.  Vanguard also contends that its objections to the other requests in dispute are reasonable and proper.  See Def. Response at 2.  Vanguard argues that the Court should limit Clayton's requests in scope to only the southwest region, because Clayton asserts only individualized harm arising from discrimination that allegedly resulted from decisions that the vice president of the southwest region made.  See Def. Response at 5-6.

In her reply, Clayton concedes that, because Vanguard produced supplemental responses after the motion to compel was filed, Interrogatory Nos. 4 and 7 are no longer in dispute.  See Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion to Compel, filed September 30, 2009 (Doc. 52)("Reply").  Clayton contends that Interrogatory Nos. 5, 6, 11 and 13, and Requests for Production Nos. 13 and 14, remain in dispute.  She clarifies that she has agreed to limit the scopes of Interrogatory Nos. 5, 6, and 11 to five years, and geographically to the southwest region, and argues that there is no reason that Vanguard should continue to withhold full and complete responses to that narrowed scope.  See Reply at 1-2.  Clayton also requests that the scope of Interrogatory No. 13, and of Requests for Production Nos. 13 and 14, be expanded to include any other regions in which Filomena, the vice president that terminated Clayton, worked during the five years before Clayton's termination.  Clayton contends that Filomena had only recently been assigned

to the southwest region when she was terminated, and so the expanded scope is proper because it would include similarly situated employees reporting to the same vice president who terminated her. See Reply at 2.

At the hearing on the motion, the parties confirmed that Interrogatory Nos. 4 and 7 are no longer in dispute, and that Interrogatory Nos. 5, 6, 11, and 13, as well as Requests for Production Nos. 13 and 14, remain disputed.

**LAW REGARDING DISCOVERY IN EMPLOYMENT-DISCRIMINATION CASES**

The proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense," and information sought is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). See Schlagenhauf v. Holder, 379 U.S. 104, 114-15 (1964)("The deposition-discovery rules are to be accorded a broad and liberal treatment."); Sanchez v. Matta, 229 F.R.D. 649, 654 (D.N.M. 2004)(Browning, J.)("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve the full disclosure of all potentially relevant information."). The federal discovery rules reflect the courts' and Congress' recognition that "mutual knowledge of all relevant facts gathered by both parties is essential to proper litigation." Hickman v. Taylor, 329 U.S. 495, 507 (1947). As a result, these rules "contemplate[] discovery into any matter that bears on or that reasonably could lead to other matter[s] that could bear on any issue that is or may be raised in a case." Anaya v. CBS Broadcasting, Inc., 251 F.R.D. 645, 649-650 (D.N.M. 2007)(Browning, J.).

This standard reflects the fact that relevance for discovery purposes is broader than the scope of admissible evidence for trial purposes. See EEOC v. University of Phoenix, Inc., Civ. No. 05-1048, 2007 U.S. Dist. LEXIS 34202, at *8-9 (D.N.M. Apr. 10, 2007)(Browning, J.). Moreover, in employment-discrimination cases, the scope of discovery is very broad. See id. at *9-10 (relying,

in part, on Rich v. Martin Marietta Corp., 522 F.2d 333, 343 (10th Cir. 1975)). "In Rich v. Martin Marietta Corp., the [United States Court of Appeals for the] Tenth Circuit noted that the purpose of Title VII is the 'elimination of employment discrimination' and added that '[i]t cannot be said, therefore[,] that the policy of this court has been to narrowly circumscribe discovery in EEOC cases.'" EEOC v. University of Phoenix, Inc., 2007 U.S. Dist. LEXIS 34202, at *10 (quoting Rich v. Martin Marietta Corp., 522 F.2d at 343-44). Although "[a] plaintiff may be allowed extensive discovery," the "desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." Burks v. Oklahoma Publ'g Co., 81 F.3d 975, 981 (10th Cir. 1996). While "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility," the concept of relevance "should not be misapplied so as to allow fishing expeditions in discovery." Martinez v. Cornell Corrs. of Tex., 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.). A party objecting on the basis of overbreadth bears the burden of establishing that the request is overbroad. See Cont'l Ill. Nat'l Bank & Trust Co. of Chi. v. Caton, 136 F.R.D. 682, 684-85 (D. Kan. 1991).

## ANALYSIS

Courts should not deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and to prepare its case. Clayton has been cooperative with Vanguard in narrowing the scope of her requests and the Court finds that the nature and scope of the information Clayton seeks from Vanguard is relevant, not unduly burdensome, and not overly broad. Because the Court should not deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case, the Court will overrule Vanguard's objections and require it to respond fully and completely to the interrogatories and requests for production that remain in dispute.

**I.     THE DISCOVERY REQUESTS ARE WITHIN THE SCOPE OF RELEVANT INFORMATION DISCOVERABLE UNDER RULE 26(b)(1).**

Vanguard objects that the terms of Interrogatory Nos. 5, 6, 11, and 13, and of Request for Production Nos. 13 and 14, as extending to matters neither relevant nor reasonably calculated to lead to discovery of admissible evidence. See Defendant's Objections to Plaintiff's First Interrogatories and Requests for Production, filed September 14, 2009 (Doc. 44-2). The Court finds that Clayton's discovery requests that are the subject of this motion are relevant to her claims and to the defenses that Vanguard asserts. The scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense," and which is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court also finds that Clayton's requests are reasonably calculated to lead to discovery of information that could be admissible in this lawsuit. The Court, therefore, will overrule Vanguard's relevance objections.

**A.     INTERROGATORY NOS. 5, 6, AND 11.**

Interrogatory Nos. 5, 6, and 11 request information regarding similar charges of discrimination based on sex, age, and retaliation, and violations of the Equal Pay Act, as those filed by Clayton that others have filed against Vanguard. The Court finds that these requests are relevant to Vanguard's knowledge, planning, motive, and intent. Moreover, Clayton has agreed to limit the scope of these requests to a five-year period and geographically to the southwestern region, where Clayton was employed. The Court finds that these interrogatories are relevant, and grants Clayton's motion to compel Vanguard to fully and completely respond to the interrogatories.

**B.     REQUESTS FOR PRODUCTION NOS. 13 AND 14.**

Request for Production Nos. 13 and 14 correspond to Interrogatory Nos. 5 and 6, and request documents regarding prior similar charges, lawsuits, and/or agreements involving other

discrimination or retaliation claims. Corresponding to the relevant interrogatories, the Court finds that these requests are relevant to Vanguard's knowledge, planning, motive, and intent. At the hearing, Trent Howell, attorney for Vanguard, questioned the relevance of producing settlement agreements. Edward Hollington, attorney for Clayton, stated at the hearing that he would no longer press for the settlement agreements, because he believes the rest of the requests will cover the information needed by Clayton. The Court, therefore, overrules Vanguard's objections and grants Clayton's motion to compel Vanguard to respond to the requests for consent agreements and EEO-1 reports, but will not compel Vanguard to produce the settlement agreements, as the parties agreed at the hearing.

### C.     INTERROGATORY NO. 13.

Interrogatory 13 requests information about any general managers who were terminated for failing to meet goals and requirements of communications and interpersonal skills in the last 5 years, which is the same non-discriminatory reason Vanguard alleges to justify Clayton's termination. This question is relevant to Vanguard's defense of a non-discriminatory basis for the termination, and to the Clayton's contentions that such reasons amount to pretext for sex and age discrimination, and for retaliation. Clayton has requested that, because she was terminated by a vice president, Filomena, who had only recently been appointed to a position in the southwest region, the scope of this request be expanded to include any geographic region outside of the southwest region in which Filomena supervised general managers for the five-year time period requested. The Court finds that the requested expansion of the scope of this request is appropriate, as it requests information reasonably calculated to lead to discovery of information related to employees similarly situated to Clayton who reported to the same vice president who terminated her. The Court, therefore, overrules Vanguard's relevance objections, and grants Clayton's motion to compel Vanguard to

respond fully and completely to Interrogatory No. 13.

## II. CLAYTON'S DISCOVERY REQUESTS ARE NOT OVERLY BROAD OR UNDULY BURDENSOME.

Vanguard objects that the terms of Interrogatory Nos. 5, 6, 11, and 13, and Requests for Production Nos. 13 and 14, are overly broad and unduly burdensome. Clayton has agreed to limit the scope of Interrogatory Nos. 5, 6, and 11, and Request for Production Nos. 13 and 14, to the region in which Vanguard employed Clayton at the time of her termination. The Court believes this narrowing addresses Vanguard's objection based on overbreadth and burdensomeness, and thus will overrule those objections. Further, the Court finds that the expanded scope of Interrogatory 13, limited to information that is related to the vice president who terminated Clayton, is narrow enough to not be unduly burdensome upon Vanguard. The Court, therefore, overrules Vanguard's objections to Interrogatory No. 13 as well.

**IT IS ORDERED** that the Plaintiff's Motion to Compel is granted. Defendant Vanguard Car Rental U.S.A. Inc.'s objections to Plaintiff's First Interrogatories and Requests for Production are overruled, and Vanguard is ordered to respond fully and completely to Clayton's outstanding discovery requests.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

J. Edward Hollington
J. Edward Hollington & Associates, P.A.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Brian Mumaugh
Holland & Hart, LLP
Greenwood Village, Colorado

-and-

Trent A. Howell
Jacqueline E. Davis
Holland & Hart, LLP
Santa Fe, New Mexico

      *Attorneys for the Defendant*