## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CHRISTINE CLAYTON,

       Plaintiff,

vs.                                                                 No. CIV 09-0188 JB/ACT

VANGUARD CAR RENTAL U.S.A., INC.,

       Defendant.

## <u>ORDER</u>

**THIS MATTER** comes before the Court on  Defendant Vanguard Car Rental U.S.A., Inc.'s

Motion to Compel Plaintiff's Response to Discovery, filed August 28, 2009 (Doc. 37).  The Court

held a hearing on November 18, 2009.  The primary issue is whether the Court should compel

Plaintiff Christine Clayton to respond fully and completely to Defendant Vanguard Car Rental

U.S.A., Inc.'s interrogatories and requests for production of documents, specifically Interrogatory

Nos. 1, 4, and 8, and Requests for Production Nos. 6, 7, 9, 10, 12, 16, 17, and 20, which relate to

self-identifying information, efforts to find employment, damage and liability claims, and historical

income.  For the reasons stated at the hearing and for other reasons consistent with those already

stated, the Court will grant in part and deny in part Vanguard's motion to compel.

At the hearing, the parties conceded that Interrogatory No. 4 and Requests for Production

Nos. 6, 10, 12, and 20 are no longer in dispute, because Clayton has responded or produced the

necessary information and documents.  The Court therefore will overrule Clayton's objections to

the interrogatory and requests for production, and deny the motion to compel as to those requests

as moot.  Disputes still remain as to Interrogatory Nos. 1 and 8, and as to Requests for Production

Nos. 9, 16 and 17.

Interrogatory No. 1 requests Clayton's social security and driver's license numbers, which Vanguard contends are essential to avoid identity disputes with any information garnered from background and record searches. Clayton objects to providing this information on relevance and confidentiality grounds. Because the parties have reached an agreement for a confidentiality order, the Court finds that the information is sufficiently protected, and the Court further finds that the self-identification information requested is normally required and necessary in employment-discrimination cases such as this one. The Court, therefore, will grant the motion to compel on Interrogatory No. 1 and order Clayton to submit her social security number and driver's license number to Vanguard.

Interrogatory No. 4 and Request for Production No. 16 requests details of any and all efforts Clayton has made to find employment during and following her termination of employment with Vanguard. Request for Production No. 16 requests a complete, signed original of an Authorization to Release Employment Information and Records. Though Clayton has responded to Interrogatory No. 4, Vanguard contends that she has not completed a release. Because the Court finds that information about any employment search Clayton conducted either during or following her termination from Vanguard is relevant, and Vanguard is entitled to any relevant documents, the Court orders the execution of the Authorization to Release Employment Information and Records.

Interrogatory No. 8 requests identification of every health-care provider who evaluated or treated Clayton since January 1, 2004, providing detail on all dates of examinations, visits, consultations, and treatments. Interrogatory No. 8 also requests the same details with respect to any psychiatric, psychological, mental-health or substance-abuse counseling, therapy, or care Clayton received before January 1, 2004. At the hearing, Clayton's attorney, Edward Hollington, contended that Clayton has provided Vanguard with supplemental information, providing a list of health-care

providers.  Vanguard's attorney, Trent Howell, stated that Clayton did not provide details of dates of examinations, visits, consultations, or treatments.  Because Local Rule 26.3 requires such information in cases in which the physical or mental medical condition of a party is an issue, see D.N.M.LR-Civ. 26.3(d), the Court will grant Vanguard's motion to compel on Interrogatory No. 8 and require Clayton to provide supplementation with details of dates of examinations, visits, consultations, and treatments corresponding to the list of medical providers that she previously produced.

Request for Production No. 9 requests any documents that purports to record, summarize, or reflect statements or representations that Vanguard, its employees, or its agents made.  Vanguard contends it is only requesting documents currently in Clayton's possession and control.  Clayton objects to the Request because it is vague, ambiguous, and requests irrelevant information.  Because the Court finds that the materials from Vanguard which Clayton has chosen to keep in her possession may be relevant to her claims, or to Vanguard's defenses, the Court will overrule Clayton's objections and  grant Vanguard's motion to compel on Request for Production No. 9.  The Court will, however,  limit the scope of the request to documents in Clayton's possession and control which may be located with a reasonable search, as well as documents in the possession of Mr. Hollington which he received from Clayton.  Mr. Hollington is not required to produce Vanguard documents he has acquired independently on his own, unless they are unique documents that no one else possesses, or any of his work product.

Requests for Production Nos. 7 and 17 request all state and federal tax returns for tax years ending December 31, 2004 to the present.  Clayton has provided Vanguard with her tax returns for the years 2005 through 2007, but has not produced tax returns for 2004 or 2008.  Request for Production 17 also requests a signed original of a standard Internal Revenue Service Form 8821

authorization to release tax information.  Clayton objects that she should not have to sign a release

because she has provided copies of her tax returns.  Because the Court finds such information to be

relevant, the Court will order Clayton to produce her tax returns for 2004 and 2008 within ten days.

If, after Clayton has produced these returns to Vanguard, Vanguard finds that they are insufficient,

the Court will consider the request to sign the release; however, at this time the Court finds that

compelling Clayton to sign the release when she is able to produce her returns would be

unnecessarily duplicative.

   **IT IS ORDERED** that  Defendant Vanguard Car Rental U.S.A., Inc.'s Motion to Compel

Plaintiff's Response to Discovery is granted in part and denied in part as set forth in this opinion.

          _____

          UNITED STATES DISTRICT JUDGE

*Counsel:*

J. Edward Hollington
J. Edward Hollington & Associates, P.A.
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Brian Mumaugh
Holland & Hart, LLP
Greenwood Village, Colorado

-and-

Trent A. Howell
Jacqueline E. Davis
Holland & Hart, LLP
Santa Fe, New Mexico

   *Attorneys for the Defendant*