**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CHRISTINE CLAYTON,

      Plaintiff,

vs.                                                                 No. CIV 09-0188 JB/ACT

VANGUARD CAR RENTAL U.S.A., INC.,

      Defendant.

## ORDER

**THIS MATTER** comes before the Court on (i) Defendant Vanguard Car Rental U.S.A. Inc.'s Notice of Non-Appearance and Motion for Sanctions and/or Protective Order, filed September 2, 2009 (Doc. 38); and (ii) the Plaintiff's Motion to Compel Depositions, filed September 16, 2009 (Doc. 46).  The Court held a hearing on November 18, 2009.  The primary issues are: (i) whether the Court should order closed the deposition of Plaintiff Christine Clayton; (ii) whether Clayton's counsel has waived cross-examination in the deposition of Clayton; (iii) whether the Court should prohibit Clayton from making substantive corrections to the transcript of her deposition during the "read and sign" period; (iv) whether the Court should compel deponents Mike Filomena, David Davenport, and Bill Baker to appear for depositions; and (v) whether the Court should impose sanctions on either party.  For the reasons stated at the hearing and for other reasons consistent with those already stated, the Court will find that Clayton's deposition is closed, will not preemptively prohibit Clayton from making changes during the read and sign period, and will not impose sanctions on Clayton.  The Court will also not grant a protective order staying the depositions of other witnesses and will grant Clayton's motion to compel those depositions; however, the Court will not grant Clayton's request for sanctions.

Clayton appeared for her scheduled deposition on August 25, 2009 at 9:00 a.m. The deposition ended at approximately 4:00 p.m., when Clayton explained that she was unable to continue the deposition because of dizziness, which was causing her difficulties in understanding and answering questions. Vanguard moves for the Court to order Clayton's deposition closed and to order that Clayton's counsel Edward Hollington has waived his right to cross-examine Clayton. Relying upon the good faith of counsel, the Court will take the word of Mr. Hollington that Clayton was dizzy and unable to continue with her deposition on August 25. The Court, therefore, finds that sanctions or a protective order are not appropriate against Clayton, and will not order them. Because Vanguard does not request to further depose Clayton and because Mr. Hollington stated in the hearing that he does not wish to do any cross-examination of Clayton, the Court finds the deposition of Clayton is closed.

Vanguard further requests that the Court order that Clayton is prohibited from making substantive corrections to the transcript of her deposition. Clayton responds that the Federal Rules of Civil Procedure do not provide the Court authority to preemptively place limitations and restrictions on her ability to read and sign her deposition. Rule 30(e) of the Federal Rules of Civil Procedure allows a deponent thirty days "(A) to review the transcript . . . and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e). The United States Court of Appeals for the Tenth Circuit has made clear that rule 30(e) does not allow "for material changes to deposition testimony" or "the use of such altered testimony that is controverted by the original testimony." Burns v. Bd. of County Comm'rs of Jackson County, 330 F.3d 1275, 1282 (10th Cir. 2003)(quoting Garcia v. Pueblo Country Club, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002)). The Court does not find it appropriate at this time to preemptively judge the changes that Clayton and Mr. Hollington are permitted to make during the

read and sign period, and will rely on the good faith of Clayton and of Mr. Hollington to make

changes within the bounds of rule 30(e) and within the scope the Tenth Circuit described in Burns

v. Bd. of County Comm'rs of Jackson County.

Vanguard also requests that the Court order that Clayton be stayed from pursuing the

depositions of other witnesses while its motion for sanctions and/or protective order is under

consideration.  Clayton moves the Court to compel the depositions of these other witnesses

-- specifically Filomena, Davenport, and Baker. Clayton also moves for sanctions against Vanguard

for postponing the scheduled depositions of Filomena, Davenport, and Baker upon the filing of

Vanguard's motion for sanctions and/or protective order.  Because the Court has found Clayton's

deposition closed, and because the Court further finds that the depositions of Filomena, Davenport,

and Baker need to go forward, the Court denies Vanguard's motion for sanctions and/or a protective

order, and grants in part and denies in part Clayton's motion to compel the depositions.  The Court

orders that the depositions are to go forward; however, the Court does not find it appropriate to grant

the sanctions that Clayton requests, i.e., shifting the costs for the depositions to Vanguard or

requiring the deponents to appear in Albuquerque.

**IT IS ORDERED** that the Court grants in part and denies in part Defendant Vanguard Car

Rental U.S.A. Inc.'s Notice of Non-Appearance and Motion for Sanctions and/or Protective Order.

The Court also grants in part and denies in part Plaintiff's Motion to Compel Depositions as set forth

in this opinion.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

J. Edward Hollington
J. Edward Hollington & Associates, P.A.
Albuquerque, New Mexico

> *Attorneys for the Plaintiff*

Brian Mumaugh
Holland & Hart, LLP
Greenwood Village, Colorado

-and-

Trent A. Howell
Jacqueline E. Davis
Holland & Hart, LLP
Santa Fe, New Mexico

> *Attorneys for the Defendant*