IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTINE CLAYTON,

    Plaintiff,

vs.                                                                             No. CIV 09-0188 JB/ACT

VANGUARD CAR RENTAL U.S.A., INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Vanguard Car Rental U.S.A., Inc.'s Motion to Amend Pretrial Deadline and for an Expedited Scheduling Conference, filed July 23, 2010 (Doc. 114). The Court held a hearing on July 27, 2010. The primary issues are: (i) whether the Court should hold an expedited scheduling conference to establish new deadlines; (ii) whether the Court should enter a protective order excusing Defendant Vanguard Car Rental U.S.A., Inc. and witness John Murphy from appearing for a deposition scheduled on July 28, 2010, in St. Louis, Missouri; (iii) whether the Court should vacate the current discovery, pretrial, and trial deadlines; and (iv) whether the Court should vacate all other currently scheduled depositions set for August. For the reasons stated on the record, and for further reasons consistent with those already stated, the Court will grant the motion in part and deny it in part.

**PROCEDURAL HISTORY**

On April 9, 2010, Plaintiff Christine Clayton noticed a deposition of Murphy, Vice President of Operations of Vanguard. According to Vanguard's motion, five other depositions are currently scheduled to be taken in August, 2010. See Motion at 2. On July 9, 2010, Trent Howell, the lead attorney for Vanguard on this matter, gave notice that he is withdrawing from the partnership of

Holland & Hart, LLP, and that his last day would be July 23, 2010. See id. Vanguard was advised of the departure of its lead attorney and chose to stay with the Holland & Hart firm, rather than continue with Mr. Howell as its attorney in this matter. See id. Vanguard has authorized Holland & Hart attorney Brian Mumaugh to represent it further in this action. See id. Mr. Mumaugh is presently out of the country and will not return until August 3, 2010. See id. Given the circumstances, Vanguard requests that the Court enter a protective order excusing Vanguard and Murphy from the deposition noticed for July 28, 2010. Vanguard also requests that the Court extend the discovery deadline from September 1, 2010 until October 1, 2010, and extend the dispositive motion deadline from October 1, 2010 until November 1, 2010. Vanguard conferred with Clayton's counsel, J. Edward Hollington, who responded that Clayton opposes Vanguard's proposed extensions to the scheduling order, because Clayton has previously agreed to Vanguard's requests for extensions of time to accommodate attorney sabbatical leave and the case has already been unduly delayed. See Motion Exhibit D, Letter from J. Edward Hollington to Jackie Davis and Steven Gutierrez (dated July 22, 2010), filed July 23, 2010 (Doc. 114-4).

Bradford Berge, Vanguard's attorney, stated that he, on behalf of the Holland & Hart firm, appreciates that deadlines have been moved to accommodate the schedule of Vanguard's counsel, and noted that those requests for extensions were at the request of Vanguard, and not of Clayton or her counsel. Mr. Berge argued that Mr. Mumaugh is prepared to step in on an expedited basis and argued that, if the Court could move the deadline for discovery back by thirty days, Vanguard commits to getting everything done by the end of September. Mr. Berge argued that no other deadlines need to be moved. Mr. Berge stated that Vanguard has three depositions that have not yet been completed.

Clayton did not filed a response to the motion. At the hearing, Mr. Hollington represented

that Clayton waives her right to file a written response to the motion.  Mr. Hollington argued that he understood Vanguard's motion to be requesting all deadlines vacated in the case, and not only an extension of the discovery deadline.  He argued that his greatest concern is once again pushing back the trial date set in the case.  Mr. Hollington represented that Murphy's deposition, scheduled for July 28, 2010, has been cancelled and represented that Clayton is not opposed to rescheduling the deposition when Mr. Mumaugh is back in the country.  He also represented that Clayton has two depositions remaining -- Murphy and another subpoenaed witness in Dallas, Texas.  The deposition of the witness in Dallas is set for August 12, 2010.

## ANALYSIS

The Court grants Vanguard's request for an expedited scheduling conference.  The Court believes that the remaining issues in Vanguard's motion, however, are largely in its control.  It is up to Vanguard to timely decide whether to continue its case with Mr. Howell, who apparently can meet the current deadlines, or to continue with another attorney at the Holland & Hart firm who could maintain the scheduling deadlines in this case.  Indeed, Vanguard has made its decision to stay with Mr. Mumaugh of the Holland & Hart firm, knowing that he cannot meet the current deadlines.

The Court has been generous in granting requested extensions of the deadlines in this case. See Order, filed January 5, 2010 (extending discovery deadlines until March 1, 2010); Order Granting Unopposed Joint Motion to Amend Pretrial Deadlines and for Scheduling Conference, filed March 9, 2010 (vacating deadlines and setting scheduling conference); Minute Order, filed May 6, 2010 (setting discovery to end on September 1, 2010 and a trial on the trailing docket for December 13, 2010).  Vanguard, in its motion, seeks a further extension of all deadlines, because of the unexpected departure of Mr. Howell.  Clayton objects to vacating the deadlines in the case. At the hearing, however, Mr. Berge narrowed Vanguard's request to only requesting an extension

of the discovery deadline by thirty days.

The Court does not believe it is appropriate to burden Clayton by further prolonging this litigation, because Vanguard's chosen counsel requests more time for his personal sabbatical. Because the Court believes it is Vanguard's responsibility to choose counsel that can stick to the Court's deadlines, the Court will deny Vanguard's request to vacate the current discovery, pretrial, and trial deadlines. While the Court considered extending the discovery deadline thirty days, until October 1, 2010, it does not believe that such an extension, without extending the other deadlines in the case, is a logistically wise course of action, as it would result in scheduling discovery to end on the same day that motions are due. The Court will not vacate the deadlines. September 1, 2010 will remain the deadline for discovery, and the motions deadline remains October 1, 2010. The motion hearing is set for November 8, 2010, and the pretrial conference is November 30, 2010 at 1:30 P.M. The jury trial will remain scheduled on the Court's trailing docket commencing December 13, 2010. The Court is confident that these deadlines can be maintained by Vanguard's chosen counsel and does not find it necessary to vacate the deadlines set in the case.

The Court understands the circumstances facing Vanguard's counsel, given the departure of Mr. Howell, and appreciates that Mr. Mumaugh is making efforts to return to the country and move forward with the case. The Court believes that the deposition of Murphy may be a significant deposition in the case and Mr. Hollington, at the hearing, represented that Clayton does not oppose postponing the deposition set for July 28, 2010, so that Mr. Mumaugh may be present. Because the parties are in agreement, and because the Court does not believe any party will suffer prejudice, the Court will grant Vanguard's request that it and Murphy be excused from appearing at the deposition set for July 28, 2010. Although the Court will not extend the deadlines set in the case, the Court will grant the parties leave to complete their remaining depositions after the September 1, 2010 deadline

has passed. At the hearing, the parties agreed that they will complete Murphy's deposition on or before August 16, 2010. The deposition for July 28, 2010 was set in St. Louis, where Murphy is located. At the hearing, Mr. Hollington expressed an interest in having Murphy come to New Mexico or to Denver, Colorado, for the August 16, 2010 deposition. The Court will not compel a location other than St. Louis, but will otherwise leave it to the parties to decide where the deposition will take place, as long as it is completed by August 16, 2010. The parties also agreed that Clayton's other remaining deposition, in Dallas, set for August 12, 2010, does not need to be moved.

Mr. Berge represented that Vanguard has three depositions that it still needs to take. Although, again, the Court will not vacate the general discovery deadline, or any other deadline in the case, the Court will permit Vanguard to take its remaining three depositions, even if those depositions are scheduled beyond the September 1, 2010 deadline. The Court will, therefore, grant Vanguard's request to vacate its remaining depositions scheduled for August, 2010. Vanguard may vacate the current deposition dates, if it wishes, to give Mr. Mumaugh more time to prepare, and should work with Mr. Hollington to set them beyond the discovery deadline.

**IT IS ORDERED** that Defendant Vanguard Car Rental U.S.A., Inc.'s Motion to Amend Pretrial Deadline and for an Expedited Scheduling Conference is granted in part and denied in part. The request to excuse Vanguard and witness John Murphy from appearing for deposition on July 28, 2010 is granted. The request to vacate the current discovery, pretrial, and trial deadlines is denied. The request to hold an expedited scheduling conference is granted and the request to allow Vanguard to vacate its depositions scheduled for August, 2010 is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

J. Edward Hollington
J. Edward Hollington & Associates, P.A.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Brian Mumaugh
Holland & Hart, LLP
Greenwood Village, Colorado

-- and --

Bradford C. Berge
Jacqueline E. Davis
Holland & Hart, LLP
Santa Fe, New Mexico

-- and --

Trent A. Howell
Jackson Lewis, LLP
Albuquerque, New Mexico

    *Attorneys for the Defendant*